IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:05cr139-02

SCHPIRO GREENE

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 81). Having considered the motion, the response of the United States (ECF No. 83), and Greene's reply (ECF No. 85), and having reviewed the presentence report, and for the reasons set forth below, it is hereby ORDERED that the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 81) will be denied.

**BACKGROUND**

In June 2005, Schpiro Greene pled guilty to a single count Indictment charging him with conspiracy to possess with intent to distribute and distribution of five (5) grams or more of cocaine base in violation of 21 U.S.C. § 846. The offense of conviction involved distribution of 34.5 grams of crack cocaine which occurred very shortly after Greene was released from prison after conviction in state court of drug trafficking crimes. When police attempted to stop Greene in March 2005 to arrest him on charges resulting

from the distribution of crack cocaine, Greene led the police on a highspeed chase that lasted approximately 40 minutes in which Greene was driving at speeds up to and over 90 mph and was traveling the wrong way on a state highway.

In support of his motion to reduce sentence, Greene shows that he has participated in "significant programming and work projects while in federal prison." That includes the Challenge Program, criminal thinking, retail business, Men S.T.O.P., public speaking, anger management, and ACE programs in constitutional law and global culture. He has worked toward completion of his GED but has not achieved that result yet.

The United States agrees that Greene is eligible for consideration under Section 404(b) of the First Step Act. However, the United States opposes a reduction of sentence. In particular, the United States explains the length and seriousness of Greene's criminal history and his conduct while incarcerated (having committed 29 different infractions during this incarceration and numerous infractions during earlier periods of incarceration).

**DISCUSSION**

The threshold issue in this case is whether Greene is eligible for reduction at all. For the reasons set forth in United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019), United States v. Mabry, 420 F. Supp. 3d 475 (E.D. Va. 2019), and United States v. Hardnett,

417 F. Supp.3d 725 (E.D. Va. 2019), the Court agrees that Greene is eligible for relief under Section 404(b) of the First Step Act. That is because Greene, before August 3, 2010, violated a federal criminal statute, the statutory penalties for which were reduced by Sections 2 or 3 of the Fair Sentencing Act of 2010. Whether to grant the motion for reduction of sentence lies within the discretion of the Court that is informed by the entire record including the motion and supporting papers and the presentence report.

The United States is correct in describing Greene's lengthy and quite serious criminal history. Further, it appears that on several occasions during his criminal conduct, Greene has been accorded leniency by the state courts and that he has profited not at all therefrom. Indeed, he commenced the conduct that constituted the offense of conviction very shortly after having been released from one of those relatively lenient sentences. Further, the record is quite clear that, during the period of incarceration in this case, as well as incarceration in previous cases, Greene has not abided by the rules of the penal institutions and has been cited for numerous infractions of those rules, some of which were quite serious indeed. That conduct teaches quite clearly that Greene has no respect for the law and continues to be a threat to society.

The Court has considered Greene's personal letter and the efforts toward mitigation that he has made while in prison. However, nothing in that information offsets the extreme seriousness of the offense conduct, the seriousness of the Greene's criminal history, and the seriousness of his infractions while in prison. Having considered all of the factors, the Court is of the view that it is necessary that the sentence remains as imposed in order to protect the public, to deter Greene, and to promote respect for the law.

## CONCLUSION

For the foregoing reasons, the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 81 will be denied.

It is so ORDERED.

_____/s/_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 3, 2020